

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-23-00127-CV
_____

### IN THE INTEREST OF Y.S. AND E.S., CHILDREN

On Appeal from the County Court at Law No. 1
Randall County, Texas
Trial Court No. 80003-L1, Honorable Jack Graham, Presiding

July 24, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

The father of YS and ES appeals the trial court's order terminating his parental rights and naming mother the sole managing conservator of the children. Through his sole issue, he contends the evidence presented below was legally and factually insufficient to establish, by clear and convincing evidence, that termination was in the best interests of his children. We affirm.

### *Background*

At the time of the final hearing, YS was almost seven years old, and ES was nearly three. Mother appeared; father did not.

The Texas Department of Family and Protective Services became involved with the family when ES tested positive for methamphetamine at the time of her birth. Testing on the mother, father, and YS also indicated the presence of methamphetamine in their systems. The children were placed with their maternal grandmother, and the parents were to have only Department-supervised visits. On one occasion, a Department employee visited the grandmother's home. She found the mother and father hiding in a closet. The children were then removed from the grandmother's care.

Subsequently, the parents were given a service plan setting forth requirements to secure return of the children to their care. Mother completed all services, and the children were returned to her. The caseworker told the court they were doing "very well" in her care.

On the other hand, father was jailed during various periods of the case, as charges of aggravated robbery and aggravated assault with a deadly weapon pended against him. While so jailed, he completed no services, though some were available. During the months father was not jailed, he again failed to complete the services required of him. Nor did he address the issues that led to the removal of the children, i.e., drug use and domestic violence.

Evidence revealed that YS witnessed acts of domestic violence. They included seeing father choke, kick, and push mother. So too did he see father hold scissors to mother's neck. This was "traumatic" to him.

Those present at the final hearing opined it was in the children's best interests that father's rights be terminated, and mother be named sole managing conservator.

2

The trial court agreed by terminating father's parental rights under Family Code section 161.001(b)(1)(D), (E), and (O) and finding termination was in the children's best interest.

### Analysis

The standards for reviewing the legal and factual sufficiency of the evidence in termination cases are well-established and described in *In re J.F.C.*, 96 S.W.3d 256 (Tex. 2002) and *In re K.M.L.*, 443 S.W.3d 101 (Tex. 2014). We apply them here.

Next, a determination of best interest necessitates a focus on the children, not the parent. *In re S.B.*, 597 S.W.3d 571, 585 (Tex. App.—Amarillo 2020, pet. denied). Appellate courts examine the entire record to decide what is in the best interest of the children. *Id.; In re E.C.R.*, 402 S.W.3d 239, 250 (Tex. 2013). Furthermore, there is a strong presumption that it is in their best interest to preserve the parent-child relationship. *In re S.B.*, 597 S.W.3d at 585; *In re R.R.*, 209 S.W.3d 112, 116 (Tex. 2006).

In examining the record, courts consider the various non-exclusive factors itemized in *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). They also guide our decision here. The Department need not prove all of them especially when the evidence illustrates that the parental relationship endangered the safety of the children. *In re C.T.E.*, 95 S.W.3d 462, 466 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) (quoting *In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002)). Moreover, evidence supporting one or more statutory grounds for termination may also reflect on the children's best interests. *See In re E.C.R.*, 402 S.W.3d at 249-50. That said, we turn to the evidentiary record at bar.

Unlike mother, father had not addressed his drug use. Again, all members of the family tested positive for methamphetamine at the time of ES's birth. Moreover, father had not attended NA meetings or sought other means of treatment while in or out of prison. So too did he complete only a nominal number of random drug screens during his six months out of jail and admitted to using marijuana during the pendency of the case. While he suggests in his brief that his stay in prison provides a "strong foundation" for remaining sober, there was no evidence that he remained sober or drug-free.

Additionally, father was jailed during various periods while the termination suit pended, and accusations against him of aggravated robbery and aggravated assault with a deadly weapon awaited disposition. Other evidence illustrated that father had yet to address his history of domestic violence. And, as described earlier, the elder child witnessed his acts of violence. So witnessing them was "traumatic" to YS; despite that, father failed to complete any courses or services to address his violent tendencies. This is of concern since the children's best interests do not include continued exposure to domestic violence. *See In re T.S.*, No. 07-19-00260-CV, 2019 Tex. App. LEXIS 10633, at *9 (Tex. App.—Amarillo Dec. 5, 2019, no pet.) (mem. op.) (noting continued exposure to domestic violence and drug abuse are circumstances supporting a determination that termination of the parent-child relationship is in the children's best interest).

As for compliance with the service plan, mother completed the requirements assigned her. Upon her doing so, she regained possession of the children, and they were doing "very well" in her care, according to the caseworker. On the other hand, father completed none. *In re K.J.C.*, Nos. 07-18-00395-CV, 07-18-00400-CV, 2019

4

Tex. App. LEXIS 1429, at *8 (Tex. App.—Amarillo Feb. 26, 2019, pet. denied) (mem. op.) (among other things, failure to comply with the family service plan supports a finding that termination is in the best interest of the children). Nor did he opt to participate in the final hearing as a means of voicing his interest in and the continuation of the parental relationship with his children.

In short, ample evidence existed permitting a fact finder to form a firm conviction or belief that termination of father's parental rights served the best interests of the children. So, legally and factually sufficient evidence supported the trial court's finding to that effect. Accordingly, we overrule the issue before us and affirm the order of termination.


Brian Quinn
Chief Justice